UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYNNE KELLY CRUMP, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. _____ |
| | ) | |
| DELOITTE SERVICES, LP, | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff sets forth the following claims for relief:

### The Nature of this Action

1. This is an action for declaratory relief, injunctive relief and damages arising from the Defendant's discrimination and retaliation against Plaintiff Lynne Kelly Crump ("Plaintiff" or "Ms. Crump") in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 (the "ADEA").

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 621 *et seq.*

3.      Defendant resides in the Northern District of Georgia within the meaning of 28 U.S.C. § 1391(c).  Venue is therefore proper in the Northern District of Georgia under 28 U.S.C. § 1391(b).

## The Parties

4.      Plaintiff Lynne Kelly Crump is a citizen of the United States and a resident of Georgia.  At the time of the acts challenged in this lawsuit, she was fifty-three (53) years old.

5.      At all times pertinent to this lawsuit, Defendant has been engaged in an industry affecting commerce within the meaning of Section 11(h) of the ADEA, 29 U.S.C. § 630(h).  Defendant is an "employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6.      At all times pertinent to this lawsuit, Defendant knew that its employment decisions were subject to the ADEA.

7.      Defendant may be served with process via its registered agent, Corporation Service Company, 40 Technology Parkway S., #300, Norcross, Georgia 30092.

## Administrative Procedure

8. On January 7, 2009, Plaintiff Crump filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, complaining of the discriminatory and retaliatory actions challenged in this Complaint.

9. This lawsuit is filed within ninety (90) days of Ms. Crump's receipt of her notice of right to sue from the EEOC.  Ms. Crump has satisfied all administrative prerequisites to the assertion of his ADEA claims.

## The Underlying Facts

10. Ms. Crump was employed as a Recruiter in the Oracle Solutions Group in Talent Management with Defendant from 2002 through her termination on October 9, 2008.

11. Ms. Crump was a Lead Recruiter until her supervisor, Dan Slowinski (in his 30s) replaced her with Kay Meyer (38 years old).

12. Ms. Crump's performance while with Defendant was excellent.

13. On July 15, 2008, Ms. Crump discussed her fiscal year 2008 performance review with Mr. Slowinski.

14. Mr. Slowinski rated Ms. Crump's performance 3 on a scale of 1 to 5 (1 being the highest rating).

15. Until her 2008 review, Ms. Crump's performance had always been rated 1 or 2. The only difference for 2008 was that Mr. Slowinski was assigned as her supervisor.

16. Performance ratings impacted both Ms. Crump's raise and her bonus.

17. During her evaluation, Ms. Crump told Mr. Slowinski that she disagreed with her rating.

18. Ms. Crump also told Mr. Slowinski that it did not appear that Deloitte was interested in developing its older workers. Mr. Slowinski responded that he did not think Ms. Crump was "investable."

19. On July 22, 2008, Ms. Crump emailed Mr. Slowinski's supervisor, Maribeth Bailey, to report age discrimination and, hopefully, address her concerns.

20. Ms. Crump told Ms. Bailey that she disagreed with Mr. Slowinski's evaluation of her performance and was concerned with his replacement of her as Lead Recruiter with 38 year old Kay Meyer.

21. Ms. Crump discussed with Ms. Bailey, Mr. Slowinski's comments regarding age discrimination and informed her of Mr. Slowinski's comment in her review.

22. Ms. Bailey assured Ms. Crump that she was a valued employee but suggested that she should start looking for opportunities in other groups to get away from Mr. Slowinski's supervision.

23. Either Ms. Bailey or Mr. Slowinski escalated Ms. Crump's concerns about age discrimination to Julie Wallace in National Human Resources.

24. On August 6, 2008, Ms. Wallace questioned Ms. Crump about the age discrimination she was experiencing. After the August 6, 2008 conversation, however, Ms. Wallace never contacted Ms. Crump again.

25. Ms. Crump was never told whether her concerns that Mr. Slowinski was discriminating against her based on her age were investigated.

26. On October 9, 2008, Ms. Crump was terminated in a reduction in force.

27. Ms. Crump questioned how the termination decisions were made but could not get an answer.

28. However, the SAP group which was also managed by Mr. Slowinski as part of the Enterprise Solutions group adopted the last in first out method in making the decisions for the reduction.

29. Mr. Slowinski did not use the last in first out method of selection in the Oracle Solutions Group.

30. The result of Deloitte permitting Mr. Slowinski subjective and unfettered discretion in the reduction in force decision making process is that Ms. Crump, an older employee that had recently reported Mr. Slowinski's age discrimination, was terminated while significantly younger employees who had only been employed with Deloitte for a few months were retained.

31. Ms. Crump has an excellent performance record with Deloitte and is substantially more qualified than the employees in the Oracle Solutions Group whose positions were not eliminated.

32. Defendant terminated Ms. Crump because of her age and in retaliation for her accusing Defendant of age discrimination.

## CLAIMS FOR RELIEF

### COUNT I: DISCRIMINATION - ADEA

33. Ms. Crump incorporates by reference all of the preceding paragraphs.

34. Defendant discriminated against Ms. Crump because of her age, in violation of Sections 4(a)(1) and (2) of the ADEA, 29 U.S.C. §§ 623(a)(1) and (2).

35. Defendant's discriminatory practices have deprived Ms. Crump of equal employment opportunities, wages, retirement, and other benefits, and equal treatment in the terms and conditions of her employment, thus damaging Ms. Crump in an amount to be proven at trial.

## COUNT II: RETALIATION – ADEA

36. Ms. Crump incorporates by reference all of the preceding paragraphs.

37. Defendant retaliated against Ms. Crump for her protected opposition to age discrimination, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d).

38. Defendant's retaliatory practices have deprived Ms. Crump of equal employment opportunities, wages, retirement, and other benefits, and equal treatment in the terms and conditions of her employment, thus damaging Ms. Crump in an amount to be proven at trial.

## COUNT III: LIQUIDATED DAMAGES - ADEA

39. Plaintiff incorporates by reference all of the preceding paragraphs.

40. Defendant's discriminatory and retaliatory acts were willful within the meaning of the ADEA, and Ms. Crump is entitled to liquidated damages under 29 U.S.C. § 626(b).

WHEREFORE, Ms. Crump demands that:

(a) The Court adjudicate and declare that the acts of Defendant complained of in this Complaint violated Ms. Crump's rights under the ADEA;

(b) The Court permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with them or at their direction, from engaging in any employment policy or practice that discriminates against any employee on the basis of age or from illegally retaliating against any employee for ADEA-protected conduct;

(c) Ms. Crump recover appropriate back pay, including reimbursement for lost salary, bonuses, incentive compensation, pension, social security, and other benefits in amounts to be shown at trial;

(d) Ms. Crump recover prejudgment interest on any award of back pay made by the jury as required by law;

(e) Ms. Crump recover liquidated damages equal to her back pay, as a result of Defendant's willful violations of the ADEA;

(f) The Court award Ms. Crump front pay through projected date of retirement or, alternatively, order Defendant to reinstate Ms. Crump to her last-held position or to an equivalent position;

(g) The Court award Ms. Crump her attorney's fees, costs and disbursements; and

(h) The Court grant such additional relief as may be just.

## DEMAND FOR JURY TRIAL

Ms. Crump demands a jury trial on all issues.

                                                     Respectfully submitted,

                                                     s/ Cheryl B. Legare
                                                   Georgia Bar No. 038553
                                                   cblegare@buckleyklein.com
                                                   Edward D. Buckley
                                                   Georgia Bar No. 092750
                                                   edbuckley@buckleyklein.com

BUCKLEY & KLEIN, LLP
Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street NW
Atlanta, Georgia  30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Plaintiff